**MACK, etc., Appellee v WEIR et, etc., Appellants.**

Ohio Appeals, 1st District, Hamilton County.

No. 6197.   Decided November 30, 1942.

Kunkel & Kunkel, Cincinnati, and Falk & Paul, Cincinnati, for appellee.

Michael C. Lacinak, Cincinnati, for appellants.

Sherick, J., of the 5th District, sitting by designation in the 1st District.

**OPINION**

By SHERICK, J.:

Inasmuch as the numerous errors complained of do not present a new or unique question, save and except the claim advanced, that plaintiff's decedent was guilty of negligence as a matter of law in riding in the truck with his arm extended upon or through the window, we deem it unprofitable to recite the facts or to engage in any extended comments.  We shall do neither.

Concerning the exception noted, it must be said that the matter of riding in a motor vehicle with a hand or arm extended along the window sill or through the window is a question of fact and not one of law.  Such a practice resolves itself into whether or not a plaintiff has exercised due care for his own protection.  That is, has he acted as a reasonably prudent person in so doing?  Such an act does not involve a practice that might be disadvantageous to the welfare of the general public.  It is not prescribed by local ordinance or state law, or by any traffic regulation or rule of the road.  To the contrary, we find that it is generally commanded by legislative acts that drivers who prepare to change their course,

shall make proper signals thereof visible outside their vehicles.

With respect to the evidence upon this phase of the case, it is far from being clearly established, that the decedent had his arm projected through the window outside of the truck. We think the jury might properly have found, as it no doubt did, that Mack had his arm resting upon and along the window sill. Surely, such was not negligence as a matter of law. Examination of the photographs in evidence of the truck which deceased was riding clearly disclose that some portion of defendant's truck struck the other vehicle a couple of inches above the window sill. This physical fact in and of itself must have prompted the jury to its verdict. Its conclusion therefrom is logical. It should not and will not be disturbed.

One further matter of evidence is made a bone of contention. Was defendants' truck in motion or was it standing still? The testimony in respect thereto is in sharp conflict. It resolved itself into a matter of credibility, which is exclusively within the jury's province and not that of the trial court or a reviewing court.

A reading of the record as herein indicated convinces us that the verdict and judgment is not contrary to the manifest weight of the evidence, and that the trial court did not err in its refusal to direct a verdict for defendant, or in its refusal of a new trial, or in refusing to enter a judgment non obstante veredicto.

Appellant complains that the trial court erred in its refusal to permit amendment. This is a matter of discretion. It is not claimed, nor can it be successfully urged, that it abused its discretion in so doing.

It is said that the verdict is excessive. We do not find it so.

The refusal of the court to give defendants' four special requests before argument are complained of. We think that appellee has clearly pointed out in his brief wherein these requests are faulty. We perceive no need for a lengthy comment on these four requests. Their insufficiency and impropriety are self-evident. If precedent is sought, among Ohio adjudications so holding, such can be readily found.

We find no error in the general charge of commission or omission, prejudicial to the complaining party. The jury was well charged in conformity to the Lockwood case. The verdict and judgment are not contrary to the law and the evidence. The judgment must be, and is affirmed.

MATTHEWS, PJ., & HAMILTON, J., concur.